IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. HULSEBUS, | ) | 8:14CV366 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONALD W. KLEINE, Douglas county attorney, ROGER MORRISSEY, Douglas county tax assessor, JOHN W. EWING JR., Douglas county treasurer, DIANE BATTIATO, Register of Deeds, TIM DUNNING, Douglas Sheriff, JON BRUNING, Nebraska Attorney General, GERALD MORAN, Douglas county judge, and BEL FURY INVESTMENTS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 25, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff's Complaint is difficult to decipher and, at times, nonsensical. As best as the court can tell, Plaintiff alleges he purchased real property[1] in 1984. He lost full

---

[1] Plaintiff describes the property as "land real estate property [] Lots one (1) and two (2) block fifteen (15) Carter Lake View also known as 5224 N. 8th St. East Omaha, Nebraska." (Filing No. 1 at CM/ECF p. 8.)

"use" of the property when he registered it with the municipal authorities in Douglas County, Nebraska. Defendants taxed his property and used it "as collateral [f]or the issuance of bonds, the proceeds of which run the corporation's operations." (Filing No. 1 at CM/ECF p. 4.) In addition, Defendants required Plaintiff to register his property and "then required Plaintiff to pay for [t]he privilege of the registration or recordation." (*Id.*)

Plaintiff also alleges Defendants took his property in 2009 without first holding a hearing on the issue of "delinquent property taxes." Plaintiff alleges the property was sold at a sheriff's sale in October of 2009. (*Id.* at CM/ECF pp. 4-5.)

Finally, Plaintiff alleges that in 2011, a deputy with the Douglas County Sheriff's Department "stole Plaintiff's keys, at gun point, to the aforementioned private property, then did kidnap Plaintiff and locked Plaintiff in the Douglas county corrections." Plaintiff alleges this was another violation of his "property rights." (*Id.* at CM/ECF p. 5.)

For relief, Plaintiff seeks "Declaratory Judgment, imposition of a constructive trust, . . . Disgorgement, Quo-Warranto, and Revocation of Corporate Charter." (*Id.* at CM/ECF pp. 6-7.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

In this matter, Plaintiff alleged two unconstitutional actions by Defendants. First, they took his property for public use in 1984 without providing him just compensation. Second, they sold his property at a sheriff's sale in 2009 without first holding a hearing on the issue of delinquent property taxes.

"Section 1983 does not supply its own statute of limitations; instead, [the court] borrow[s] the statute of limitations from state law." Mountain Home Flight Serv. Inc. v. Baxter Cnty., Arkansas, 758 F.3d 1038, 1044 (8th Cir. 2014). Under Nebraska law, the applicable statute of limitations for this action is four years. *See* Neb. Rev. Stat. § 25-207; Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988). A court "may . . . *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint."

3

*Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E.D.Ark. Mar. 2, 2009) (collecting cases).

The alleged constitutional violations in this case occurred in 1984 and 2009. Absent equitable tolling of the limitations period, Plaintiff filed this action more than four years after the statute of limitations expired. Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of mental disorder or imprisonment. However, Plaintiff has not alleged that he is entitled to equitable tolling of the limitations period. Accordingly, the court will direct Plaintiff to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations.

IT IS THEREFORE ORDERED that:

1.  Plaintiff must show cause within 30 days why this case should not be dismissed as untimely under the applicable statute of limitations. Absent a showing of good cause, this case will be subject to dismissal with prejudice and without further notice.

2.  The clerk's office is directed to set the following pro se case management deadline in this matter: March 19, 2015: Plaintiff's response due.

DATED this 17th day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.